UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. ANNETTE OROZCO                    Docket Number:  1:04-cr-00355-WYD-01

### Petition on Supervised Release

COMES NOW, James M. Murphy, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Annette Orozco, who was placed on supervision by the Honorable Edward C. Prado, sitting in the court at El Paso, Texas, on the 17th day of March, 2003, who fixed the period of supervision at two (2) years, commencing June 7, 2004, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.      The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

**On October 28, 2004, jurisdiction was transferred from the Western District of Texas to the District of Colorado. The Honorable Wiley Y. Daniel now presides over this case**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of supervised release to include the following:

The defendant shall reside in a community corrections center for a period not to surpass June 6, 2006. The defendant shall report to the community corrections center as soon as bed space is available.  The defendant shall observe the rules of the community corrections facility.

ORDER OF THE COURT

Considered and ordered this 20th day of March, 2006, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

s/ James M. Murphy

James M. Murphy
Probation Officer

s/ Wiley Y. Daniel

Wiley Y. Daniel
United States District Judge

Place: Colorado Springs, Colorado

Date: March 17, 2006

ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of supervised release signed by the defendant on June 10, 2004. Her signature acknowledged that the conditions had been read and explained to her, that she fully understood said conditions, and that she was provided with a copy of them. The term of supervised release commenced on June 7, 2004.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by defendant and defense counsel, Ed Harris, which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release.

On October 24, 2005, I was notified that the urine specimen the defendant submitted on October 17, 2005, tested positive for the use of cocaine. On November 3, 2005, I confronted the defendant regarding the positive urine specimen. The defendant admitted to using cocaine. She stated, "My brother left some in my bathroom, I was not thinking, I saw it, and used it. I know I made a mistake, and it will not happen again."

On November 15, 2005, I was notified that the urine specimen the defendant submitted on November 7, 2005, tested positive for the use of cocaine. On December 16, 2005, I confronted the defendant regarding the positive urine specimen. The defendant denied using cocaine. She stated, "I do not remember doing anything. If I did remember I would tell you."

On January 26, 2006, I received notification from the New Mexico Drug Analysis Laboratory that the urine specimen the defendant provided on January 17, 2006, tested positive for the use of cocaine. On February 1, 2006, I met with the defendant to discuss her positive urinalysis test. On that date, the defendant admitted to using cocaine on January 12, 2006. She stated that she used because of her ongoing employment and health issues. She also admitted to using cocaine prior to submitting a urine sample on November 7, 2005.

Along with the above, the defendant has been chronically unemployed and has yet to pay her special assessment in full. She was ordered to pay a special assessment in the amount of $400 and she has a balance of $325.

Based on the foregoing, I believe the defendant has demonstrated through her actions that she requires more structure and monitoring, which can be provided through community corrections center placement.